*91 SRINIVASAN, Circuit Judge,
concurring in part and concurring in the judgment:
I fully agree with Part IIÍ of the court’s opinion, in which the court concludes that ManorCare forfeited its challenge to the Regional Director’s authority. With regard to Part II of the opinion, I agree with my colleagues that the Board’s decision in this case was too cursory, in that the Board at least needed to do more to explain how its decision in this case fits with its precedent. Unlike the majority, however, I do not understand the Board’s decision declining to set aside the election to be irreparably inconsistent with its prior decisions. Rather, I would remand the case to enable the Board to explain how its rejection of petitioner’s election objection aligns with its precedent.
As a preliminary matter, “our review of the Board’s rulings regarding [an] election is ‘extremely limited.’ ” NLRB v. Downtown Bid Servs. Corp., 682 F.3d 109, 112 (D.C.Cir.2012) (quoting Amalgamated Clothing & Textile Workers Union v. NLRB, 736 F.2d 1559, 1564 (D.C.Cir.1984)). If “the Board’s decision to certify a union is consistent with its precedent and supported by substantial evidence in the record, we may not disturb it.” Id. And because of the Board’s “particular expertise” in assessing whether the original election or a new election would better reflect employees’ free choice, the Board has “particularly broad discretion” in deciding whether to rerun a representation election. Amalgamated Clothing & Textile Workers Union, 736 F.2d at 1562-63.
In reviewing whether the Board’s decision is “consistent with its precedent,” Downtown Bid, 682 F.3d at 112, the court today appropriately focuses on the Board’s Westwood Horizons Hotel decision, which frames the test for overturning an election result based on third-party misconduct. Under that test, the Board examines “whether the misconduct was so aggravated as to create a general atmosphere of fear and reprisal rendering a free election impossible.” 270 NLRB 802, 803 (1984). The decision in Westwood Horizons Hotel sets forth specific factors to guide the inquiry .into whether that overarching standard is satisfied. See pp. 85-87, supra. Here, the Board concluded that the misconduct did not meet that standard and thus did not require rerunning the election.
In reaching that conclusion, however, the Board did not adequately ground its rationale in its precedent. Although the Board initially listed the factors set forth in Westwood Horizons Hotel for assessing the seriousness of a third party’s threatening statements, the Board undertook no application of those factors to the facts of this case, even though the hearing officer, applying the same factors, concluded that they warranted setting aside the election. The Board observed that the statements at issue were initially made in a joking or casual manner and amounted to no more than “bravado and bluster” that was “likely to be discounted by other employees.” Manorcare of Kingston PA, LLC, 360 NLRB No. 93 (Apr. 29, 2014). But as the Board acknowledged, the statements then were “apparently characterized out of context” when the initial recipients repeated them to other employees. Id. “In other words,” the Board assumed, “these were characterizations by those who had not made the statements and, further, repeated to employees who” were left to draw their own conclusions about the extent of the statements’ threatening nature without “the benefit of hearing them and evaluating them personally.” Id.
In declining to overturn the election in those circumstances, the Board noted its historic “reluctan[ce] to set aside an elec *92 tion where employees circulate third-party statements that have been stripped of their original context.” Id. The Board also cited a concern that setting aside the election “would open the door to objections being substantiated by rumors devoid of any truth, and encourage false attributions in order to influence election outcomes.” Id. Those general considerations, in my mind, could form the foundation of a decision declining to set aside the election in this case under the analysis established by Westwood Horizons Hotel.
The Board’s recitation of those considerations, however, was not just the foundation of its decision — it was essentially the entirety of the Board’s analysis. The Board, for instance, failed to note or contend with its prior decisions, including those cited by the majority, see, e.g., Q.B. Rebuilders, Inc., 312 NLRB 1141 (1993), that could be seen to be in some tension with its conclusion on the main issue before it here: whether joking or blustery comments, when further disseminated in a manner divorced from their original context, “create a general atmosphere of fear and reprisal rendering a free election impossible,” Westwood Horizons Hotel, 270 NLRB at 803. Moreover, the Board, as noted, did not apply the Westwood Horizons Hotel factors to the facts of this case. The Board also made no effort in its analysis to address the closeness of the election (34 votes in favor of the Union and 32 votes against), which the Board’s precedent suggests could be a significant consideration in deciding whether to rerun an election. See Robert Orr-Sysco Food Servs., LLC, 338 NLRB 614, 615 (2002).
In the end, although one can conceive of ways to align the Board’s conclusion in this case with its prior decisions, “[i]t is not this court’s role to supply post hoc justifications for the Board’s result; the duty to justify lies exclusively with the Board in the first instance.” United Food & Commercial Workers v. NLRB, 880 F.2d 1422, 1437 (D.C.Cir.1989). And while there of course is no requirement for the Board to engage in an examination of any particular length, here, the Board needed to do more to explain how its decision fit within its precedents, as indicated by the hearing officer’s reaching the contrary conclusion under those precedents.
For those reasons, I would remand this case to the Board to give it an opportunity (if it elected to adhere to its original conclusion) to ground its decision in its prior cases and further explain its rationale for finding that a new election is unwarranted in the circumstances. See Exxel/Atmos, Inc. v. NLRB, 28 F.3d 1243, 1249 (D.C.Cir.1994); United Food & Commercial Workers, 880 F.2d at 1439. I thus concur in the judgment of the court insofar as it grants the petition for review in part and denies the Board’s cross-application for enforcement in part.